DICKINSON WRIGHT PLLC
ERIC D. HONE
Nevada Bar No. 8499
Email: ehone@dickinson-wright.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
Email: gblumberg@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MAKRANSKY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID DOTO, an individual; and JENNA WELLS-DOTO, an individual,<br><br>Defendants. | CASE NO. 2:16-cv-00563-JCM-CWH<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Defendants David Doto ("David") and Jenna Wells-Doto ("Jenna" and together with David, "Defendants"), by and through their counsel, Eric D. Hone and Gabriel A. Blumberg of the law firm Dickinson Wright PLLC, and Plaintiff John Makransky ("Plaintiff" and together with Defendants, the "Parties), by and through his counsel, Patrick G. Byrne and V.R. Bohman of the law firm, Snell & Wilmer L.L.P., and Michael D. Fishbein of the law firm of Levin, Fishbein, Sedran & Berman, stipulate that discourse and discovery activity in the above-captioned action (the "Action") are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties stipulate to the following Stipulated Confidentiality and Protective Order ("Protective Order"). The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited

1

information or items that are entitled under the applicable legal principles to treatment as confidential and protected.

The Parties hereby STIPULATE as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced by a party or non-party ("Disclosing Party") in connection with this litigation in response to requests for production of documents, requests for inspection of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules Of Civil Procedure, (hereafter "Discovery Material") that the Disclosing Party designates as "Confidential."

2. Any non-party to this Action may designate any Discovery Material produced by it, whether pursuant to discovery request, subpoena, or by agreement, as "Confidential" pursuant to the terms of this Protective Order upon such non-party's execution of a Declaration of Compliance with this Protective Order substantially in the form attached to this Protective Order as Exhibit 1. A Disclosing Party designating Discovery Materials as "Confidential" shall be referred to for purposes of this Protective Order as the "Designating Party." Any Party receiving Discovery Material designated as "Confidential" shall be referred to for purposes of this Protective Order as the "Receiving Party." Counsel for any Designating Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential" shall constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation.

3. For purposes of this Protective Order, "Confidential Information" shall include all non-public documents or records involving: medical diagnosis, care and treatment; social security numbers; driver's license or other personal identification numbers; private financial records; confidential financial data; tax data or tax returns; and personal information subject to protection under Nevada law. Notwithstanding the foregoing, "Confidential Information" shall

not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

4.     Any Discovery Material designated as "Confidential" whether such information is provided orally or by a document or in electronic form, shall be maintained as set forth in the Protective Order, and shall not be disclosed to any person or entity, expect as permitted in the Protective Order.

5.     All Discovery Material, whether or not filed or lodged with the Court, that a Designating Party contends constitutes "Confidential" information shall be designated by the Designating Party as follows:

    a.     Documents or other tangible Discovery Material shall, at the time of their production, be designated by stamping or labeling the same with the legend "Confidential" on each page of the Discovery Material containing such information.

    b.     Documents or other tangible Discovery Material produced by a non-party to this Action shall be so designated by the Designating Party by providing written notice, as soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if any, for the non-party who produced such Documents or other tangible Discovery Material) of the Bates Numbers or range or other sufficiently definite description of the documents to be designated as "Confidential."

    c.     Deposition testimony shall be designated as "Confidential" either (i) at the taking of the deposition by a statement on the record by counsel at the time of such disclosure; or (ii) by written notice sent to counsel of record for all Parties within ten (10) business days after receiving a copy of the final, hard copy transcript thereof, identifying the specific pages designated as "Confidential." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential" be affixed to the portions of the original and all copies of the

transcript. Counsel shall treat deposition transcripts as "Confidential" in their entirety until the relevant period for the designation has expired. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

    d.    Non-documentary and non-testimonial material, such as oral statements, shall be designated as "Confidential" at the time of disclosure and promptly confirmed in writing.

6. Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" in a manner consistent with Paragraph 5. The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential" as the case may be, and such materials shall be fully subject to this Protective Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

7. Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material marked or otherwise identified as "Confidential" and received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for the purposes of preparation for trial, including discovery, trial of, and/or appeal from, this Action; and (c) shall not be used by the Receiving Party for any other purposes. The prohibitions on the use of "Confidential" information as set forth in this Protective Order shall survive the termination of this Action.

8. Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential" information and/or any information derived from such Discovery Material only to the following persons:

a. counsel to the Parties in this Action, including members of outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and consultants and vendors of such counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translation services or graphics, design, or document handling services/consultants retained in connection with this Action or for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, but excluding consulting or testifying subject-matter experts) ("Consultants and Vendors"), provided that no Discovery Material designated as "Confidential" shall be disclosed to any Consultants and Vendors or temporary employee of counsel to the Parties unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit 1;

b. the Parties;

c. witnesses or deponents, and their counsel, during the course of, and only to the extent necessary, in preparation for depositions or testimony in this Action, and only after such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit 1;

d. retained experts and expert consultants assisting Counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action, subject to the provisions of Paragraph 10 below;

e. the Court and its staff and administrative personnel, and court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

   f.  any other person only upon order of the Court or upon stipulation of the Designating Party.

  9. "Confidential" Discovery Material may be provided to retained experts and/or expert consultants assisting counsel for the Parties in this Action (excluding Consultants and Vendors) only to the extent necessary for the expert to prepare a written opinion, testify, or assist counsel in the prosecution or defense of this Action, provided that such expert: (i) is using said "Confidential" Discovery Material solely in connection with this Action; and (ii) signs a Declaration of Compliance in the form attached to this Protective Order as Exhibit 1, agreeing in writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for enforcement of this Protective Order, and agreeing not to disclose or use any "Confidential" Discovery Material in a manner or for purposes other than those permitted by this Protective Order. Counsel for the Party using the expert shall be responsible for obtaining the signed undertaking and retaining the original executed copy.

No "Confidential" Discovery Material may be provided to retained experts and/or expert consultants unless and until such person has executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit 1.

  10. This Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose. Nothing in this Protective Order shall: prevent a Designating Party from disclosing its own "Confidential" Discovery Material.

  11. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court including Confidential Information shall be accompanied by a contemporaneous motion for leave to file those documents under seal.

  12. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to assert a challenge promptly after the Designating Party discloses the designation.

a. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging, Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, and reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging, Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

b. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with all applicable state and local rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph.

c. The burden of proof in any such challenge proceeding shall be on the Designating Party. Until such time as the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. This provision applies only to challenge proceedings, and shall not be construed to affect the burden of proof for a motion to seal.

13. Entering into, agreeing to, producing, or receiving "Confidential" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Protective Order, or the taking of any action pursuant to this Protective Order shall not:

a.  constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

b.  prejudice in any way the rights of any Designating or Receiving Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Designating or Receiving Party that the restrictions and procedures set forth in this Protective Order constitute adequate protection for any particular information deemed by any Designating Party to be Confidential Information;

c.  prejudice in any way the rights of any Designating or Receiving Party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

d.  prejudice in any way the rights of a Designating or Receiving Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order;

e.  prejudice in any way the rights of a Designating Party to petition the Court for a further protective order relating to any purportedly Confidential Information;

f.  prejudice in any way the rights of a Designating or Receiving Party to oppose another Party's or non-party's motion to seal; and/or

g.  prevent the Parties to this Protective Order from agreeing, in writing, to alter or waive the provisions or protections of this Protective Order with respect to any particular Discovery Material.

14. In the event additional persons or entities become Parties to this Action, none of such Parties' counsel or experts shall have access to Confidential Information produced by or

obtained from any Designating and Receiving Party until that newly-added Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

15. It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery in this Action, but each of the Parties to this Protective Order shall be entitled to seek modification of this Protective Order, or relief from it, by application to the Court on notice to the other Parties. This Protective Order, however, may not be modified by the Parties hereto in any attempt to use the "Confidential" Discovery Material other than for purposes of this specific Action only.

16. The provisions of this Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential" Discovery Material, shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" by any Designating Party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

17. If any person receiving Discovery Material covered by this Protective Order is subpoenaed, served with a demand in another action to which he or she is a party, or served with any other legal process (the "Receiving Person") by one not a Party to this Action, the legal process of which seeks disclosure or production of Discovery Material that was produced or designated as "Confidential" by someone other than the Receiving Person, the Receiving Person shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiving Person shall not produce any of the Designating Party's "Confidential" Discovery Material, until the Designating Party gives notice to the Receiving Person that the Designating Party consents to production, or opposes production of, its "Confidential" Discovery Material, and has had a reasonable opportunity to object to the production. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing in this Paragraph shall be construed as requiring the Receiving Person or anyone else covered by this Protective Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Protective Order; nor shall this Paragraph be construed to subject such person to any penalties for non-compliance with any legal process or order, or as precluding such person from seeking any relief from this or any Court.

18. Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

19. Nothing contained herein shall be construed or otherwise deemed to prohibit or limit the introduction of confidential information into evidence on the public record at any trial or hearing of the within Action. If a Designating Party wishes to limit or restrict the introduction of Confidential Information into evidence on the public record, such party must timely file a motion seeking such relief. Any otherwise Confidential Information that is received into evidence on the public record shall not be treated as Confidential Information in any appeal from any order or judgment entered by the District Court in the within Action.

20. This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

| | |
|---|---|
| DATED this 9th day of September 2016. | DATED this 9th day of September 2016. |
| SNELL & WILMER L.L.P. | DICKINSON WRIGHT PLLC |
| /s/ V.R. Bohman<br>Patrick G. Byrne<br>Nevada Bar No. 7636<br>V.R. Bohman<br>Nevada Bar No. 13075<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br><br>and<br><br>Michael D. Fishbein<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106<br><br>*Attorneys for Plaintiff* | Eric D. Hone<br>Nevada Bar No. 8499<br>Gabriel A. Blumberg<br>Nevada Bar No. 12332<br>8363 West Sunset Road, Suite 200<br>Las Vegas, Nevada 89113-2210<br>Tel: (702) 550-4400<br>*Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED this 12th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

## DECLARATION OF COMPLIANCE

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality and Protective Order that was issued by the United States District Court, District of Nevada, on _____ [date] in the case of *John Makransky v. David Doto, et al*, Case No. 2:16-cv-00563-JCM-CWH.  I agree to comply with and to be bound by all the terms of the Stipulated Confidentiality and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Confidentiality and Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the terms of the Stipulated Confidentiality and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
                         [printed name]

Signature:_____
                       [signature]

LVEGAS 69344-1 84392v1