# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MAKRANSKY,

   Plaintiff,

vs.

DAVID DOTO, et al.,

   Defendants.

Case No. 2:16-cv-00563-JCM-CWH

**ORDER**

  Presently before the court is Defendant Jenna Wells-Doto's Emergency Motion to Stay Enforcement of the Magistrate Judge's Order (ECF No. 38), filed on November 2, 2016. Plaintiff John Makransky filed a response (ECF No. 43) on November 18, 2016. Defendant filed a reply (ECF No. 44) on November 28, 2016.

  Defendant Wells-Doto requests that the court stay its order (ECF No. 34) that was entered on October 19, 2016. Specifically, Defendant Wells-Doto requests that the court stay enforcement of its order requiring her to produce financial records regarding her separate property pending the disposition of her objection (ECF No. 39) to the order, which is currently pending before the United States district judge assigned to this case. Defendant Wells-Doto argues that without a stay, she will suffer irreparable harm because she has a protected privacy interest in her confidential financial records under Nevada law.

  Plaintiff opposes a stay, arguing that Defendant Wells-Doto is attempting to re-litigate issues that the court already considered at the hearing on October 19, 2016. Plaintiff requests sanctions under Rule 37 of the Federal Rules of Civil Procedure, including that Defendant Wells-Doto be held in civil contempt until she complies with the court's order.

/ / /

1    Regarding staying enforcement of the order, the court understands Defendant Wells-Doto to
2 be arguing that she may unilaterally determine the character of the property that is at issue in the
3 financial records (i.e., separate or community property) and that plaintiff and the court must accept
4 her characterization of the property.  Defendant Wells-Doto cites legal authority indicating that in
5 certain situations, tax returns may be accorded greater privacy protections and financial discovery
6 may be limited when it is of marginal relevance or based on speculative allegations.  *See, e.g.,*
7 *Hetter v. Dist. Ct.*, 874 P.2d 762, 766 (Nev. 1994) (holding that before a defendant doctor needed
8 to disclose tax returns or financial records related to the issue of punitive damages, the plaintiff
9 needed to demonstrate a factual basis for the punitive damages claim); *Fosbre v. Las Vegas Sands*
10 *Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (describing
11 situations in which the court may exercise its discretion to deny financial discovery, but
12 nevertheless requiring a defendant's personal financial information to be disclosed because it was
13 relevant to the claims at issue and was proportional to the needs of the case); *Sarbacher v.*
14 *Americold Realty Trust*, No. 1:10-cv-429-CWH, 2011 WL 2470681, at *3 (D. Idaho June 20, 2011)
15 (denying discovery of personal financial records because they were not reasonably calculated to
16 lead to the discovery of relevant evidence and there were other methods of obtaining the same
17 information).

18    In this case, however, the court finds that Defendant Wells-Doto's financial condition is
19 relevant to the claims and defenses.  Indeed, the amended complaint specifically alleges that the
20 parties had a mutual understanding that the loans at issue were for the benefit of both defendants
21 and that the loans would be repaid from their collective assets.  (*See* Am. Compl. (ECF No. 17).)
22 To obtain discovery regarding Defendant Wells-Doto's personal financial condition, Plaintiff is not
23 required to prove his allegations—that is a matter that will be determined based on admissible
24 evidence at summary judgment or trial.  The court therefore concludes, as it did at the hearing on
25 October 19, 2016, that Defendant Wells-Doto's financial condition it at issue and she must respond
26 to Plaintiff's requests for production of documents as previously ordered.

27    As for the argument that she will suffer irreparable harm if she discloses documents related
28 to that property, given that the parties have entered into a stipulated protective order in this case,

the court is not convinced that Defendant Wells-Doto would suffer irreparable harm by disclosing her financial records subject to the protective order, which explicitly covers "private financial records; confidential financial data; tax data or tax returns; and personal information subject to protection under Nevada law." (Protective Order (ECF No. 25) at 2.)  The court therefore will deny Defendant's motion to stay.

To the extent Defendant Wells-Doto requests the court to reconsider its order, the court likewise will deny Defendant's motion.  Defendant does not identify points of law or fact that the court has overlooked or misunderstood, nor does she point to a change in legal or factual circumstances since the hearing that would entitle her to relief.  *See* LR 59-1 (setting forth the standard for reconsideration of an interlocutory order).

IT IS THEREFORE ORDERED that Defendant Jenna Wells-Doto's Emergency Motion to Stay Enforcement of the Magistrate Judge's Order (ECF No. 38) is DENIED.

IT IS FURTHER ORDERED that Plaintiff John Makransky's request for sanctions is DENIED.

DATED: December 22, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**