UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MAKRANSKY, | Case No. 2:16-CV-563 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| DAVID DOTO, et al., | |
| Defendant(s). | |

Presently before the court is defendants David Doto and Jenna Wells-Doto's motion to dismiss (ECF No. 18) plaintiff John Makransky's first amended complaint (ECF No. 17). Plaintiff has filed a response (ECF No. 19), and defendants have filed a reply (ECF No. 20).

## I.   Background

The instant dispute involves allegations that Mr. Doto and his wife, Mrs. Wells-Doto, (hereinafter collectively referred to as "the Dotos") failed to repay a $171,700 loan to Mr. Makransky. (ECF No. 17 at 6). In September 2013, Mr. Doto allegedly approached Mr. Makransky, with authority from Mrs. Wells-Doto, to request a loan on both defendants' behalf. (*Id.* at 2). Plaintiff maintains that Mr. Doto claimed he and his wife were having "severe financial difficulties" and had "no money to live on." (*Id.*). Allegedly, the parties agreed to a $5,000 per month loan, holding the Dotos jointly liable for repayment as they would collectively share its use and benefit. (*Id.* at 2–3). Mr. Makransky claims that the terms of the loan also included reimbursement for his tax liability stemming from a premature withdrawal of funds from his individual retirement account to fund the loan. (*Id.* at 3). Plaintiff contends that on October 14, 2013, the Dotos filed for divorce and that, soon after their divorce, they requested an increase in the loan installments to $9,000 per month. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

As alleged, the loan installments lasted from October 2013 through April 2015. (*Id.*). Plaintiff maintains that, throughout this period, Mr. Doto had regular communication with Mr. Makransky; each month he asked for money and updated Mr. Makransky on the Dotos' financial status. (*Id.*). On October 23, 2013, Mr. Doto allegedly wrote to Mr. Makransky, "[a]s I told you my gratitude – our gratitude – cannot be adequately expressed," and on July 9, 2014, Mr. Doto supposedly told Mr. Makransky, "[Mrs. Wells-Doto] will graduate from paralegal school in October and . . . [t]hat should begin to pay off . . . ." (*Id.* at 4). Plaintiff contends that by April 2015, Mr. Makransky stopped granting monthly installments on the loan and began demanding repayment from the Dotos within a reasonable time. (*Id.* at 7).

Plaintiff contends that the Dotos began making monthly payments on the loan beginning October 9, 2015. (*Id.*) Allegedly, the Dotos repaid $200–$300 on the loan each month, and these loan payments were drawn from the Dotos' joint bank account at Nevada State Bank. (*Id.* at 8). Mr. Makransky claims he requested that the Dotos substantially increase their payments on the loan because their payments were unreasonably small. (*Id.* at 8–9). In response, Mr. Doto allegedly stated he was unable to repay the loan at an increased rate, and that he could not "tap into [Mrs. Wells-Doto]'s money" because "[t]hat money isn't mine and [Mrs. Wells-Doto] needs that . . . ." (*Id.* at 8.)

Mr. Makransky's first amended complaint alleges six claims, each against both defendants: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) money had and received; (4) quantum meruit; (5) fraudulent transfers; and (6) fraud and conspiracy to defraud. (ECF No. 17) Defendants' motion to dismiss seeks to dismiss counts one through four against Mrs. Wells-Doto, and counts five and six in their entirety. (ECF No. 18)

**II.    Legal Standard**

    *a. Motion to dismiss*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and

James C. Mahan
U.S. District Judge

- 2 -

conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

b. Fraud

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b). Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged,"

James C. Mahan
U.S. District Judge

- 3 -

requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations . . . . The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir. 1993) (citations omitted). Moreover, Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

**III. Discussion**

    *a. Amended complaint*

Defendants contend the amendments to the initial complaint must be rejected because they contradict the allegations contained in the initial complaint. (ECF No. 18 at 4–5). The court disagrees. It is well-established that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). Once an amended complaint is on record, the initial complaint no longer exists. *See id.*

The cases defendants cite to support their argument, *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 291 (9th Cir. 1990), and *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011), deal with a court's ability to grant leave to amend in instances where any amendments made to the original complaint would contradict the initial allegations. Alternatively, an amendment under Federal Rule of Civil Procedure 15(a)(1)(B) is done "as a matter of course" and does not require leave to amend. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1158 n.5 (9th Cir. 2007).

Here, plaintiff exercised his right under Federal Rule of Civil Procedure 15(a)(1)(B) to amend his complaint once as a matter of course. The court finds that the amended complaint superseded the original complaint. *See id.*; *Valadez-Lopez*, 656 F.3d at 857.

    *b. Parties to the contract*

Defendants argue that Mrs. Wells-Doto should be dismissed from this action because she was never a party to the contract. This argument fails as "apparent authority, including a third party's reasonable reliance on such authority, is a question of fact." *Great Am. Ins. Co. v. Gen.*

James C. Mahan
U.S. District Judge

- 4 -

*Builders, Inc.*, 934 P.2d 257, 261 (Nev. 1997). Currently, the court must view all facts in favor of the non-movant; the court finds sufficiently plead facts illustrating the plausibility of Mrs. Wells-Doto being a party to the contract. *See Iqbal*, 556 U.S. at 677.

Defendants' assertion of a factual void alleging Mr. Doto's authority to act on her behalf is unpersuasive. The e-mail communications between the parties, as argued in the amended complaint, contain sufficient non-conclusory factual allegations to establish Mrs. Wells-Doto as a party to the underlying contract. *See Great Am. Ins. Co.*, 934 P.2d at 261; (ECF No. 17 at 3–5). Specifically, the January 8, 2016, e-mail whereby Mrs. Wells-Doto wrote to Mr. Makransky concerning specific details of the agreement carries significant weight. (ECF No. 17 at 5). Moreover, she denoted herself as one who could change the current payment schedule and one who would be responsible for keeping Mr. Makransky informed. (*Id.*). This allegation, *inter alia*, is fatal to defendants' argument because it sufficiently reveals Mrs. Wells-Doto's involvement as a party to the contract.

### c. Alleged fraudulent conduct

For the purposes of the instant motion, plaintiff must allege sufficient plausibility for each element of a claim for fraud. Fraud requires a showing of (1) "a false representation made by the defendant;" (2) defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intent to induce plaintiff to act in reliance on the misrepresentation; (4) plaintiff justifiably relied on the misrepresentation; and (5) plaintiff suffered damages from such reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

Defendants argue that no fraudulent activity occurred because Mr. Doto used the loan proceeds as he represented he would. (ECF No. 18 at 7–9). Defendants' failure to even acknowledge plaintiff's allegation that the loan was procured through misrepresentation is notable. As stated in the amended complaint, the defendants acquired this loan by representing to Mr. Makransky that they were having "severe financial difficulties," that they had "no money to live on," and that they "needed [the money] to pay for necessities such as food, clothing, and shelter." (ECF No. 17 at 2). These alleged representations continued throughout the lifetime of the loan.

**James C. Mahan**
**U.S. District Judge**

- 5 -

(*Id.* at 2–6).  In contrast, plaintiff claimed—with specificity in location and value—the substantial assets that defendants possessed.  (ECF No. 17 at 9).

Defendants' alleged representations to Mr. Makransky conflict with the claimed reality of defendants' financial position.  As stated in the amended complaint, defendants had the financial means to participate in weekend wine tasting, travel for vacation, dine at fine restaurants, purchase clothes in boutique stores, and attend live shows.  (*Id.* at 10).  The alleged facts do not suggest a lifestyle of a person who needs "[money] to pay for necessities such as food, clothing, and shelter." (*Id* at 2).  Taking these allegations as true, the court agrees with plaintiff that, either defendants misused the loan proceeds to pay for these luxuries, or defendants misled Mr. Makransky regarding their financial well-being.  Either way, the alleged fraudulent conduct was sufficiently plead with particularity in accordance with Federal Rule of Civil Procedure 9(b) to sustain the first two elements of fraud.

The first two elements are sufficiently pleaded, as detailed above, by the claims of defendants' represented financial situation coupled with their conspicuous consumption.  The third element is sufficiently pleaded as the aforementioned alleged misrepresentations were coupled with a loan request.  (ECF No. 17 at 2–3).  Element four is similarly well-pleaded as plaintiff argues that he began and continued loaning defendants money based on these alleged misrepresentations.  (*Id.* at 6).  The final element is sufficiently pleaded as plaintiff offered dates of each loan installment and amounts of monies lent which have yet to be repaid, as well as additional tax liability incurred from the loan.  (*Id.* at 6–7).

*d. Conspiracy to defraud*

To sustain a claim for conspiracy to defraud under Nevada law, plaintiff must sufficiently allege: (1) an agreement of two or more persons "who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another; (2) an overt act of fraud in furtherance of the conspiracy; and (3) resulting damages to the plaintiff." *Jordan v. State ex rel. Dept. of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 51 (Nev. 2005), *overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 n.6 (Nev. 2008).

**James C. Mahan**
**U.S. District Judge**

As previously discussed, the court finds ample allegations in the amended complaint to sustain a claim for fraud. (ECF No. 17 at 2–3, 6–7). Defendants' arguments on the legitimacy of an underlying claim for fraud are irrelevant.

Defendants' alternative argument is that plaintiff failed to allege with specificity any agreement between Mr. Doto and Mrs. Wells-Doto. While it is true plaintiff did not allege a specific moment in time that the defendants explicitly agreed to defraud Mr. Makransky, it is similarly true that the standard does not require plaintiff to allege such a moment. Rather, plaintiff's claims must give rise to "a plausible suggestion of conspiracy." *Twombly*, 550 U.S. at 565–66 (2007). The court finds that plaintiff's claims do give rise to a plausible suggestion of conspiracy.

As previously concluded, the offered facts allude to Mrs. Wells-Doto being a party to the loan agreement. (ECF No. 17 at 3–5). The alleged conversations between the defendants and plaintiff likewise exhibit cooperation on behalf of the defendants in an endeavor to secure and potentially repay the loan. *See* (*id.*). Further elucidating a conspiracy are the allegations regarding timing of the loan's increased rate in light of the divorce, Mr. Doto's subsequent writings about Mrs. Wells-Doto, and the defendants' eventual remarriage.

Notably, defendants maintain that the alleged remarriage would effectively nullify the presumed fraudulent nature of the divorce—exhibiting a lack of intent. (ECF No. 18 at 8–9). That defendants might have ultimately failed to protect their alleged fraudulently acquired funds is irrelevant when determining their intent in trying. The claims must show the intentional nature of defendants' alleged misrepresentations in attempting to fraudulently secure the loan; they have done so. *See, e.g.*, *Bulbman, Inc.*, 825 P.2d at 592 (finding that no intent existed as misrepresentation was not an intentional lie); (ECF No. 17 at 3–5).

The issue of damages is not disputed, and, as previously stated, is sufficiently well plead. (*Id.* at 6–7). Considering the various specifically plead allegations, the court finds that plaintiff has claimed facts that give rise to a plausible claim of conspiracy to defraud.

     *e. Fraudulent transfer*[1]

Lastly, Nevada Revised Statute ("NRS") 112.190 establishes a claim for relief for fraudulent transfers and requires plaintiff to show that (1) the creditor's claim arose before the transfer was made; (2) the debtor did not receive a "reasonably equivalent value in exchange for the transfer;" and (3) the debtor was insolvent at the time of the transfer. NRS 112.160 states, *inter alia*, "[a] debtor who is generally not paying his or her debts as they become due is presumed to be insolvent."

Plaintiff maintained that Mr. Doto made transfers of money for the benefit of Mrs. Wells-Doto to "pay for or furnish her with food, shelter, clothing, medical care, travel, entertainment, luxuries and like items." (ECF No. 17 at 16). To sustain a claim, plaintiff must first show that the alleged transfer occurred after the obligation was incurred. NRS 112.190. Plaintiff claimed that the transfers occurred between November 12, 2013, and November 30, 2015. (ECF No. 17 at 16). Allegedly, defendants began incurring debts on October 2, 2013, when the first loan installment was paid. (*Id.* at 6).

Second, plaintiff must show that the debtor did not receive a reasonably equivalent value in exchange for the transfer. NRS 112.190. Allegedly, Mr. Doto received no valuable consideration for these transfers to Mrs. Wells-Doto. (ECF No. 17 at 16). The alleged transfers to Mrs. Wells-Doto included purchases of items and services for another person and as such Mr. Doto would receive no equivalent benefit. (*Id.*).

Finally, plaintiff must show the debtors' insolvency at the time of the transfer. NRS 112.190. Defendants argue that plaintiff failed to properly propound facts to satisfy NRS 112.160's requirement for insolvency. (ECF No. 18 at 9–10). The court disagrees. As previously discussed, the court found sufficient allegations relating to Mr. Doto's communications with Mr.

---

[1] The court recognizes a potential conflict between the fraudulent transfer claim and the allegation that Mrs. Wells-Doto is a party to the agreement. Federal Rule of Civil Procedure 8(d)(2) permits parties to "set out 2 or more statements of a claim or defense alternatively or hypothetically . . . ." Moreover, a "party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed. R. Civ. P. 8(d)(3) (emphasis added). "Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to . . . state as many separate claims or defenses as the party has regardless of consistency." *Cleveland v. Policy Mgt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (citation omitted).

1  Makransky claiming that he was having "severe financial difficulties" and would need a loan
2  simply to "buy groceries this month." (ECF 17 at 8). These alleged personal admissions are
3  sufficient to establish the plausibility of insolvency. Therefore, plaintiff has plead facts that give
4  rise to a plausible claim of fraudulent transfer.

**IV.  Conclusion**

Plaintiff's amended complaint could not contradict his original complaint as the amended complaint supersedes the original complaint such that the latter no longer exists.

Based on the alleged facts, Mrs. Wells-Doto's involvement in the contract gives rise to the plausibility of her being a party to that contract. She supposedly gave authority to Mr. Doto to request the loan and further reinforced her position as a party to the contract in the alleged January 8, 2016, e-mail.

Plaintiff offered specific facts in his amended complaint to sustain a claim for fraud under Federal Rule of Civil Procedure 9(b). These claims contain specific dates and conduct, both contributing to Mr. Doto's alleged misrepresentations to Mr. Makransky. The amended complaint contains sufficient allegations to plausibly establish each element of a claim for fraud. The court rejects defendants' argument that no alleged misrepresentation occurred as the funds of the loan were used for the claimed purpose.

Both the conspiracy to defraud claim and the fraudulent transfer claim were sufficiently plead. Taken as true, the offered facts in the amended complaint adequately support these claims. Based on the foregoing, defendants' motion to dismiss is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants David Doto and Jenna Wells-Doto's motion to dismiss plaintiff John Makransky's amended complaint (ECF No. 18) be, and the same hereby is, DENIED.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that defendants David Doto and Jenna Wells-Doto's
2  motion to dismiss plaintiff John Makransky's original complaint (ECF No. 15) be, and the same
3  hereby is, DENIED as moot.
4  DATED January 27, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 10 -