UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MAKRANSKY, | Case No. 2:16-CV-563 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| DAVID DOTO, et al., | |
| Defendant(s). | |

Presently before the court is defendant Jenna Wells-Doto's motion for this court to reconsider Magistrate Judge Hoffman's denial of defendant's request to stay discovery and grant of plaintiff's motion to compel discovery. (ECF No. 39). Plaintiff filed a response (ECF No. 42), and no reply was filed.

Defendant argues that this court's reconsideration of the magistrate judge's order is appropriate because: (1) a potentially dispositive motion had been filed; (2) plaintiff's claims are legally untenable; (3) the magistrate judge clearly erred when granting plaintiff's motion to compel, seeking financial records spanning several years from defendant; and (4) the imposition of sanctions was improper because there was substantial justification for defendant's position. (ECF No. 39).

The court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Anderson v. Equifax Info. Services LLC*, 2007 WL 2412249, at \*1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit *de novo* review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion." (citation omitted)).

**James C. Mahan**
**U.S. District Judge**

On January 27, 2017, this court denied co-defendant David Doto and Jenna Wells-Doto's motion to dismiss. (ECF No. 56). Accordingly, defendant's first two arguments are fruitless or moot.

Next, this court found that "[t]he e-mail communications between the parties, as argued in the amended complaint, contain sufficient non-conclusory factual allegations to establish Mrs. Wells-Doto as a party to the underlying contract." (*Id.* at 5). In light of the corresponding allegation that plaintiff provided money to defendants from October 2013 to April 2015, this court cannot find that the magistrate judge clearly erred by ordering discovery as to Ms. Wells-Doto's finances over an extended period. (ECF No. 17).

Finally, Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A)(ii) elaborates that the court cannot order payment if "the opposing party's nondisclosure, response, or objection was substantially justified."

Plaintiff has itemized six reasons why the magistrate's sanctions were appropriate, and Ms. Wells-Doto has failed to address them. *See* (ECF No. 42). Moreover, defendant's offered citation to *Allstate Ins. Co. v. Balle*, No. 2:10-CV-02205-APG-NJK, 2013 WL 4501016, at *2 (D. Nev. Aug. 20, 2013), is unpersuasive because that case provides few factual details comparable to this case. In light of plaintiff's factual allegations, this court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for the district court to reconsider the magistrate judge's order (ECF No. 39) be, and the same hereby is, DENIED.

DATED February 15, 2017.



UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -